Thomas H. Herndon, Jr., Esq. (TH-9726)
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
*Attorneys for Defendant*
*S. Sonia Realty, LLC*
1250 Broadway, Suite 3502
New York, New York 10001
Telephone No.: (212) 226-4026
Facsimile No.: (212) 226-4027
Email: thomas.herndon@qpwblaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

RICARDO VELASQUEZ,

       Plaintiff,

vs.

E. BONILLA CORP., A NEW YORK
CORPORATION, d/b/a NEW YORK SAL'S
PIZZA, and S. SONIA REALTY, LLC,
a New York limited liability company,

       Defendants.

------------------------------------------------------X

Case No. 17cv04939 (KBF)

ANSWER, AFFIRMATIVE DEFENSES,
CROSS CLAIMS OF DEFENDANT
S. SONIA REALTY TO THE
SECOND AMENDED COMPLAINT

DEMAND FOR JURY TRIAL

    Defendant, S. SONIA REALTY, LLC (hereinafter "SSR"), by its attorneys Quintairos, Prieto, Wood & Boyer, P.A., as and for an Answer to the Second Amended Complaint (the "Complaint") of plaintiff, RICARDO VELASQUEZ, ("Plaintiff"), respectfully alleges as follows:

    1.  SSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

    2.  SSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

3. SSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

4. SSR denies each and every allegation contained in paragraph 4 of the Complaint to the extent the allegations are alleged against it, but lacks knowledge or information sufficient to form a belief as to the truth of all other allegations alleged against the other defendant and respectfully refers all questions of law to the trial Court of this action.

5. SSR admits that it is the owner of 696 Tenth Avenue, New York, New York 10019 and that it entered into a lease with Sal's Pizza as alleged in paragraph 5 of the Complaint, but lacks knowledge or information sufficient to form a belief as to the truth of all other allegations alleged against the other defendant and respectfully refers all questions of law to the trial Court of this action.

6. SSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

## AS AND FOR AN ANSWER TO
## COUNT I- VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7. SSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

8. SSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

9. SSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

10. SSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

11. SSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and respectfully refers all questions of law to the trial Court of this action. .

12. SSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and respectfully refers all questions of law to the trial Court of this action. .

13. SSR denies each and every allegation contained in paragraph 13 of the Complaint to the extent the allegations are alleged against it, but lacks knowledge or information sufficient to form a belief as to the truth of all other allegations alleged against the other defendant and respectfully refers all questions of law to the trial Court of this action.

14. SSR denies each and every allegation contained in paragraph 14 of the Complaint to the extent the allegations are alleged against it, but lacks knowledge or information sufficient to form a belief as to the truth of all other allegations alleged against the other defendant and respectfully refers all questions of law to the trial Court of this action.

15. SSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

16. SSR denies that it discriminated against the Plaintiff as contained in paragraph 16 of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of all other allegations therein, except that to the extent there were or are any violations, they were caused by the acts and/or omissions of the co-defendant without the affirmative acts of SSR contributing thereto, and SRR respectfully refers all questions of law to the trial Court of this action.

17. SSR denies each and every allegation contained in paragraph 17 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

18. SSR lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 18, except that to the extent there were any violations, they were caused by the acts and/or omissions of the co-defendant without the affirmative acts of SSR contributing thereto, and SRR respectfully refers all questions of law to the trial Court of this action.

19. SSR denies each and every allegation contained in paragraph 19 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

20. SSR denies each and every allegation contained in paragraph 20 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

## AS AND FOR AN ANSWER TO
## COUNT II- VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

21. SSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

22. SSR denies each and every allegation contained in paragraph 22 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

23. SSR repeats and realleges each and every response contained in the paragraphs above as if set forth fully and at length herein in answer to paragraph 23 of the Complaint.

## AS AND FOR AN ANSWER TO
## COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

24. SSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

25. SSR lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 25, except that to the extent there were any violations, they were caused by the acts and/or omissions of the co-defendant without the affirmative acts of SSR contributing thereto, and SRR respectfully refers all questions of law to the trial Court of this action..

26. SSR lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 26, except that to the extent there were any violations, they were caused by the acts and/or omissions of the co-defendant without the affirmative acts of SSR contributing thereto, and SRR respectfully refers all questions of law to the trial Court of this action..

27. SSR denies each and every allegation contained in paragraph 27 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

28. SSR repeats and realleges each and every response contained in the paragraphs above as if set forth fully and at length herein in answer to paragraph 28 of the Complaint.

## AS AND FOR AN ANSWER TO
## COUNT IV VIOLATION OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK

29. SSR denies each and every allegation contained in paragraph 29 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

30. SSR denies each and every allegation contained in paragraph 30 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

31. SSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

32. SSR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

33. SSR denies each and every allegation contained in paragraph 33 of the Complaint and respectfully refers all questions of law to the trial Court of this action.

34. SSR denies each and every allegation contained in paragraph 34 of the Complaint.

35. SSR denies each and every allegation contained in paragraph 35 of the Complaint.

36. SSR denies each and every allegation contained in paragraph 36 of the Complaint.

37. SSR repeats and realleges each and every response contained in the paragraphs above as if set forth fully and at length herein in answer to paragraph 37 of the Complaint.

## AS AND FOR AN ANSWER TO
## THE DEMAND FOR ATTORNEYS' FEES

38. SSR denies each and every allegation contained in paragraph 38 of the Complaint.

39. SSR denies each and every allegation contained in paragraph 39 of the Complaint.

## AS AND FOR AN ANSWER TO
## THE DEMAND FOR DAMAGES

40. SSR denies each and every allegation contained in paragraph 40 of the Complaint.

## AS AND FOR AN ANSWER TO
## THE DEMAND FOR INJUNCTIVE RELIEF

41. SSR denies each and every allegation contained in paragraph 41 of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the claims of Plaintiff.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over SSR.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted and therefore, the Complaint must be dismissed.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Complaint and the causes of action contained therein may not be maintained because of collateral estoppel, contributory negligence, equitable estoppel, *res judicata*, doctrine of laches, waiver, release, statute of limitations and administrative filing deadlines, and the doctrine of unclean hands.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Plaintiff failed to join necessary parties.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because the relief requested exceeds that available under applicable law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his own actions.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages, if any.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to maintain a suit for the claims contained in the Complaint.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to impose liability upon SSR based upon any alleged violation of any statute, regulation or other law, no such liability may be founded on any statute, regulation or other law that did not impose a duty or obligation upon SSR under the factual circumstances presented in the Complaint.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

SSR has not discriminated against Plaintiff in violation of any statute, regulation, or law and denies having any wrongful or discriminatory motivation with respect to the Plaintiff.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

SSR did not act willfully or with malice or reckless indifference toward the Plaintiff.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

SSR engaged in good faith efforts to comply with the law and at all times acted reasonably and in good faith.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, by his failure to exhaust other remedies, including administrative remedies, prior to the commencement of this action.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

SSR did not engage in willful conduct in violation of any statute, regulation, or law and, at all times relevant to this action, acted in good faith and based upon a reasonable belief that its acts or omissions were not in violation of the law. Accordingly, Plaintiff is not entitled to recover an award for purported willful conduct.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

SSR is exempt under applicable federal, state, and city law.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

SSR did not discriminate against the Plaintiff.

## JURY DEMAND

SSR hereby demands trial by jury of all issues so triable.

## AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANT

1. To the extent any damages were sustained by Plaintiff (which damages are specifically denied by SSR), said damages were caused by the acts and/or omissions of the co-defendant, without the affirmative acts of SSR contributing thereto.

2. SSR has a claim for, *inter alia*, contribution and indemnification against the co-defendant in this action.

WHEREFORE, defendant, S. Sonia Realty, LLC, demands judgment dismissing Plaintiff's Complaint with prejudice, or in the event Plaintiff recovers a verdict or judgment against defendant, S. Sonia Realty, LLC, it demands judgment against the co-defendant pursuant to the cross-claim asserted herein, together with attorneys' fees, costs, disbursements, and such other relief this Court deems just and appropriate.

Date: New York, New York
April 4, 2018

                QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

By: _____
Thomas H. Herndon, Jr., Esq. (TH9726)
*Attorneys for S. Sonia Realty, LLC*
1250 Broadway, Suite 3502
New York, New York 10001
Telephone No.: (212) 226-4026
Facsimile No.: (212) 226-4027
Email: thomas.herndon@qpwblaw.com